**Leroy L. HODGE, Petitioner,**

.v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 4, 1998.
Decided Aug. 3, 1999.

Leroy L. Hodge, Petitioner, pro se.

Carol J. Dunkel, Harrisburg, for respondent.

Before FLAHERTY, J.,
LEADBETTER, J., and NARICK, Senior
Judge.

LEADBETTER, J.

Leroy L. Hodge (claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which denied claimant unemployment benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

The facts, as found by the Board, are as follows:

1. The claimant was last employed as a project manager ... by the Urban League of Pittsburgh ... [on] September 30, 1997.

2. The claimant's responsibilities included registering additional voters and meeting with civic and community leaders, such that his individual success and the success of the Urban League depended upon the claimant's trustworthiness and credibility.

3. The employer submitted into evidence a final adjudication from the Court of Common Pleas of Allegheny County, Pennsylvania, enjoining and restraining the claimant from practicing law in Allegheny County and in the Commonwealth of Pennsylvania.

4. In its adjudication, the Court found as fact that the claimant prepared pleadings and spoke to clients on the tele-

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) states in pertinent part that, "an employe shall be ineligible for compensation for any week [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." 43 P.S. § 802(e).

The term willful misconduct has been defined by our Supreme Court as:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Rossi v. Pennsylvania Unemployment Compensation Bd. of Review*, 544 Pa. 261, 267, 676 A.2d 194, 197 (1996).

phone from his office at the Urban League.

5. The claimant did not appeal from the adjudication of the Common Pleas Court, thereby making the Court's findings of fact conclusive.

6. The employer discharged the claimant because he engaged in the unauthorized illegal practice of law in Pennsylvania without a license to do so and conducted this business from the Urban League during the hours that he was to perform his regular work duties.

7. The Urban League did not give the claimant permission to conduct the practice of law from their facilities.

*Hodge v. William D. Thompkins, Vice President, Urban League of Pittsburgh,* No. B–97–06–Q–1001, slip op. at 1 (mailed April 7, 1998) (Board's decision and order affirming Referee and denying benefits).

Subsequent to his termination from the Urban League, claimant applied for unemployment compensation benefits, which were denied by the Pittsburgh East Job Center (Job Center) pursuant to Section 402(e) of the Law. Claimant appealed the denial of benefits and following a hearing, the Referee issued a decision affirming the Job Center and denying benefits to claimant under Section 402(e). Claimant appealed, and the Board issued a decision on April 7, 1998, affirming the Referee and denying claimant benefits. This appeal followed.

Claimant first argues on appeal that the Board erred by not making an independent determination of whether he engaged in willful misconduct so as to be ineligible for unemployment benefits. Specifically, claimant takes issue with the fact that the Board looked to a prior adjudication by the Court of Common Pleas to establish the fact that claimant engaged in the unauthorized practice of law without a license from the Urban League's premises and on the Urban League's time. Citing *Philadelphia Transportation Co. v. Unemployment Compensation Board of Review,* 186

Pa.Super. 142, 141 A.2d 410 (1958) and *Kozlowski v. Unemployment Compensation Board of Review,* 191 Pa.Super. 83, 155 A.2d 373 (1959), claimant argues that in using this finding, the Board erroneously delegated its authority to decide whether claimant was guilty, under the Law, of willful misconduct. Moreover, claimant argues that he has continually denied practicing law on the Urban League's time and premises.

In response, the Board first argues that claimant is collaterally estopped from re-litigating the issue of whether he engaged in the unauthorized practice of law, and that he did so from the Urban League's office and on the Urban League's time. We agree.

Collateral estoppel, or issue preclusion, applies where:

(1) An issue decided in a prior action is identical to one presented in a later action;

(2) The prior action resulted in a final judgment on the merits;

(3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and

(4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K–Mart Corp.,* 552 Pa. 13, 17, 713 A.2d 82, 84 (1998). In the instant case, the factual issue—whether claimant engaged in the unauthorized practice of law on the Urban League's time and premises—is identical to the factual issue that was before the Court of Common Pleas; claimant did not appeal the Court of Common Pleas adjudication, thus making it a final judgment on the merits; claimant was a party to the prior action; and claimant had a full and fair opportunity to litigate the issue.[2] Thus, issue preclusion was properly applied by the Board, and it was not necessary for employer to present independent evidence of these facts.

**2.** In *Rue v. K–Mart Corp.,* 552 Pa. 13, 713 A.2d 82 (1998), our Supreme Court addressed

Moreover, the Board correctly points out that it did not rely on the Court of Common Pleas to decide whether claimant was guilty of willful misconduct. Instead, the Board merely relied on the court's finding that claimant prepared pleadings and spoke to clients on the telephone from his office at the Urban League, and then conducted its own analysis as to whether or not such conduct rose to the level of willful misconduct as defined by the Law.

Accordingly, we affirm the Board's decision.

## *O R D E R*

AND NOW, this 3rd day of August, 1999, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

whether, in a subsequent civil action for defamation, the doctrine of collateral estoppel applies to the factual findings of an Unemployment Compensation Referee. Discussing the fourth prong of the test for collateral estoppel, the Court held that because of the fast and informal nature of proceedings before a Referee, as well as the negligible economic consequences thereof, the employer did not have a full and fair opportunity to litigate the issue of whether the employee had stolen a bag of chips from inventory, and therefore, the Referee's factual finding that the employee did not steal the chips should not have been accorded preclusive effect in the defamation action. 552 Pa. at 19–21, 713 A.2d at 85–87.

In the case at bar, the reverse scenario is presented—the underlying factual findings resulted from a Court of Common Pleas adjudication and are now being employed in a subsequent unemployment compensation case. Certainly, claimant had a full and fair opportunity to litigate the issue in a court of record and even had the opportunity to appeal the court's decision but chose not to do so.