

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2003

# Keiser v. Matamoras Comm

Precedential or Non-Precedential: Non-Precedential

Docket 02-2918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Keiser v. Matamoras Comm" (2003). *2003 Decisions.* Paper 573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2918

JAMES W. KEISER; GEORGE M. SHOWERS;
RICHARD R. VANHORN; RICHARD E. WILKIN,
on behalf of themselves and all other
members of the Churches of God,

Appellants

v.

MATAMORAS COMMUNITY CHURCH

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-02136)
District Judge: Honorable Yvette Kane

Argued January 22, 2003

Before: BECKER, NYGAARD, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: May 5, 2003)

David E. Lehman, Esquire (Argued)
Curtis N. Stambaugh, Esquire
McNees Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
                *Attorneys for Appellant*

Stephen L. Grose, Esquire (Argued)
Keefer Wood Allen & Rahal
210 Walnut Street
P.O. Box 11963
Harrisburg, PA  17108-1963
*Attorney for Appellee*

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

In 1994, after 150 years as an affiliate of the national Churches of God denomination, the Matamoras Church of God reincorporated as the Matamoras Community Church.  Plaintiffs-Appellants are individual members of the Churches of God seeking to enjoin Defendant-Appellee Matamoras Community Church from using the church property in ways not sanctioned by the governing rules of the Churches of God.  The regional office of the Churches of God previously sought relief in Pennsylvania state court, but was unsuccessful.  Plaintiffs then brought this suit in the Middle District of Pennsylvania.  The District Court granted summary judgment to the Matamoras Community Church, holding that Plaintiffs' claim was barred by principles of collateral estoppel.  We affirm.

I.

The Churches of God was founded in Harrisburg, Pennsylvania in 1825.  The Matamoras Church of God (now the Matamoras Community Church) was founded in 1844, and until 1994 was a member of the East Pennsylvania Conference (today named the Eastern Regional Conference), and in turn the larger General Conference, of the Churches of God.  The Matamoras Church of God incorporated in 1961, purchased 3.6 acres of land, and by 1968 had constructed a

church on this property. The real estate at all times was held in the name of the corporation, and not in trust for the Eastern Regional or General Conferences.

The General Conference in July 1994 amended its constitution to require that the property of all member churches be held in trust for the Churches of God. This prompted Matamoras to withdraw from the Churches of God and reincorporate as the Matamoras Community Church, occupying the same property as before. The East Pennsylvania and General Conferences voted to dissolve the Matamoras congregation. The Conferences then claimed that dissolution reverted the Matamoras property to the General Conference and that Matamoras's continued unsanctioned use violated the governing rules of the Churches of God.

In February 1996, the East Pennsylvania Conference filed suit in Pennsylvania's Dauphin County Court of Common Pleas, alleging claims for ejectment, replevin, and an accounting, and seeking immediate possession of all personal property and realty owned by Matamoras Community Church. A three-day trial resulted in a verdict for Matamoras, the jury finding that the East Pennsylvania Conference had not proven that Matamoras intended to create a trust of its assets in favor of the Conference. The Conference moved for judgment notwithstanding the verdict, which the Court of Common Pleas denied, finding sufficient evidence in the record that Matamoras never intended to create a trust. The East Pennsylvania Conference appealed to the Commonwealth Court, which affirmed the trial court verdict in January 2001. The Conference then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied in July 2001.

Plaintiffs in the action before us filed suit in federal court in November 2001. Plaintiffs are individual members of the Churches of God seeking class certification to proceed on behalf

3

of all other members of the Churches of God. None of the Plaintiffs was a member of the Matamoras congregation, either before or after its break from the national body. Yet they seek an injunction to force the Matamoras Community Church to comply with the Churches of God regulations and install a certified minister. After hearing oral argument, the District Court granted summary judgment to Matamoras. The Court found that the current suit presented the same issues already litigated in Pennsylvania state court. Thus, "it is clear that collateral estoppel precludes this Court from adjudicating the issues now presented." *Keiser v. Matamoras Cmty. Church*, No. 1:CV 01-2136, slip op. at 10 (M.D. Pa. Jun. 11, 2002). Plaintiffs timely appealed.[1]

II.

We exercise plenary review over issues of preclusion. *Swineford v. Snyder County Pennsylvania*, 15 F.3d 1258, 1265 (3d Cir. 1994). Collateral estoppel, also known as issue preclusion, "bars relitigation of issues adjudicated in a prior action." *Id.* at 1266. "The policy behind the rule is that 'a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'" *Id.* (internal citation omitted). Also relevant in the context of this suit is the corollary that "[f]ederal courts must give a state court judgment the same preclusive effect as would the courts of that state." *Id.* (citing 28 U.S.C. § 1738). According to Pennsylvania law, collateral estoppel applies when the following four prongs are satisfied:

> (1) An issue decided in a prior action is identical to the one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party

---

[1] The District Court had diversity jurisdiction as provided by 28 U.S.C. § 1332. We have appellate jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.

4

against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Jones v. United Parcel Serv.*, 214 F.3d 402, 405-06 (3d Cir. 2000) (quoting *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)).

As to the second prong, the District Court noted (and both parties accept) that the jury verdict in the state court litigation was a final judgment on the merits. The District Court analyzed and determined whether Plaintiffs' federal claim met the other three prongs. Plaintiffs' appeal, however, challenges only the District Court's conclusion on the first prong: identical issue. Accordingly, any dispute that Plaintiffs may have with the District Court's conclusions that Plaintiffs were in privity with the plaintiff in the state court action (brought by the East Pennsylvania Conference), or that the Conference had a full and fair opportunity to litigate the issue in the prior action, is waived.[2]

---

[2] *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001) (en banc) (stating that arguments not raised in appellant's opening brief are waived). Of course, our review of the District Court's legal conclusions on collateral estoppel is plenary, but even were we inclined to address prongs three and four, we agree with the District Court's analysis on both.

As to privity, or two parties "having a legally recognized interest in the same subject matter," Black's Law Dictionary 1217 (7th ed. 1999), the District Court properly found that, under the hierarchical structure of the Churches of God, both the plaintiffs in the federal court action (the putative class members) and the plaintiff in the state court action (the East Pennsylvania Conference) are bound by the General Conference Constitution. Thus, "[f]or the purposes of this suit, whereby Plaintiffs attempt to enforce provisions of the constitution of the General Conference, this Court finds that Plaintiffs are in privity with the General Conference, and therefore the Eastern Regional Conference." *Keiser*, slip op. at 9.

Thus we deal solely with whether the District Court correctly concluded that an issue decided in the state court action is identical to one at issue here. The issue posed to the Pennsylvania state court jury was whether Matamoras held its property in trust for the East Pennsylvania Conference. Plaintiffs argued before the District Court – and continue to argue on appeal – that this issue is not one involving a trust; rather, it involves Matamoras using its property in ways not sanctioned by the General Conference's Constitution, that is, the issue here is one of use, not ownership, of the property. The District Court found this to be a distinction without any material difference. "While the remedy sought may be different, the claims are the same. It is clear that to determine whether Plaintiffs are entitled to enjoin the nonconforming use of the Matamoras church, this Court would be called upon to decide the very ownership issue already determined by a jury." *Keiser*, slip op. at 7.

The crux of Plaintiffs' argument is that the state and federal court actions involve the application of different legal rules. If so, the District Court erred, for "[i]dentity of the issue is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules." *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) (internal citation omitted). As we explain below, this argument is

---

As to full and fair opportunity to litigate, "[t]he individual Plaintiffs would have no relationship, right or interest in the property of the Matamoras Community Church, or in the manner in which it is used, but for their relationship with the General Conference. For these reasons, the Court is certain that the Eastern Regional Conference fully and satisfactorily represented the interests of the General Conference, which in turn represented the interests of the individual members of the General Conference, who are the Plaintiffs here." *Id.*

unavailing.[3]

According to Plaintiffs, "[u]nlike the trust law and jury trial perspective of the Dauphin County [C]ourt in the state court litigation, this case is governed by the legal rule that '. . . the parent body has the right to control the property of local affiliated churches' found in 77 C.J.S. Religious Societies, § 61." Appellants' Br. at 18-19. This argument simply assumes that the trust issue decided by the jury did not also address other aspects of the parties' relationship, such as the disputed affiliation between the Matamoras Community Church and the Churches of God from which the latter's General Conference (and by extension, the Plaintiffs here) may derive "the right to control the property" of the former. Our review of the record indicates that Plaintiffs' assumption is untenable.

The first question submitted to the state court jury asked whether "the East Pennsylvania Conference [has] proven by a preponderance of the evidence that the Matamoras congregation intended to create a trust of its assets in favor of the Conference?" App. at 135. The jury was further instructed: "If you answered 'No' to Question 1, the Conference cannot prevail in any of its claims, and your verdict is for the Defendant." *Id.* Thus, the viability of all of Plaintiffs' claims (ejectment, replevin, and an accounting) turned on the threshold trust issue. But, according to Matamoras, this does not mean that the jury did not also consider and decide issues of the parties' affiliation.

Prior to trial Matamoras filed preliminary objections in the nature of demurrers. The Dauphin County Court of Common Pleas, sitting en banc, denied the preliminary objections on

---

[3]Plaintiffs also claim in their reply brief that the facts of the past and present cases are distinguishable, but fail to support this assertion. Thus we consider this issue conceded.

7

the ground that "the record is not sufficient to determine the nature of the relationship between the parties." *Id.* at 209. The Court noted that the East Pennsylvania Conference

> contends that by affiliating itself with the conference in its charter application, Matamoras bound itself to the denomination's governing structure and rules. At this point, however, we must emphasize that [the East Pennsylvania Conference] has not provided specific proof that Matamoras expressly bound itself to the larger body's Constitution and By-laws. Similarly, Matamoras has not demonstrated that it was not subject to the terms of the governing documents. Matamoras merely asserts that statements in the charter application regarding its intended affiliation with the conference are irrelevant because the conference 'is not a party to the Application for Charter.' Yet case law shows that in similar property disputes between a local church and the larger, governing body within the denomination, the latter entity may claim ownership of the former's property under certain circumstances. One such circumstance is an agreement between the local church and the larger church body wherein the former agrees to be bound by the regulations of the latter.

*Id.* at 211.

The Dauphin County Court then discussed the analogous decision of the Pennsylvania Supreme Court in *Presbytery of Beaver-Butler of the United Presbyterian Church in the United States v. Middlesex Presbyterian Church*, 489 A.2d 1317 (Pa. 1985). There a local church voted to disaffiliate from its national denomination, and the parent body filed complaints alleging its rights to the ownership and use of the local church's property.[4] The Pennsylvania Supreme Court stated that the "issue presented is whether the members of a local church which has been affiliated with a national denomination can retain ownership of the assets and property of that local church after having terminated their membership in that denomination." *Id.* at 1318. The

---

[4]The original complaint in equity "sought delivery of all church property, an accounting of all church assets, and an injunction against the seceding members from in any way using or dissipating the assets of the church." *Id.* at 1319. A second complaint in equity sought an injunction "to secure the right of those members who did not vote to secede to utilize the church property for worship while the original litigation was proceeding." *Id.*

Pennsylvania Supreme Court, like the trial court and Commonwealth Court before it, found that resolution of the plaintiff's claims turned on whether the local church had ever agreed to surrender its property to the national church. *Id.* at 1322. Put another way, the threshold issue was whether a trust had been created. *Id.* at 1323-25.

Following *Presbytery of Beaver-Butler*, the Dauphin County Court examined the parties' evidence to determine if Matamoras had been holding its property in trust for the East Pennsylvania Conference. The Court found the evidence not dispositive, and overruled Matamoras's preliminary objections because "neither party has established the specific nature of the relationship between the two parties." App. at 214. For this reason, at trial the Dauphin County Court instructed the jury that the first question it must answer in defining the parties' relationship was whether Matamoras intended to create a trust in favor of the East Pennsylvania Conference. Matamoras therefore argues that the jury's verdict on the trust issue necessarily also determined that Matamoras had not affiliated itself with the East Pennsylvania Conference so as to confer on the "parent body . . . the right to control the property of local affiliated churches."

We agree. Addressing Plaintiffs' asserted authority to dictate Matamoras's use of its property would require us to revisit the same ownership issue decided in the prior state court action. Indeed, as a matter of commonsense, any assertion that Plaintiffs are not seeking to "relitigat[e] . . . issues adjudicated in a prior action," *Swineford*, 15 F.3d at 1266, is undermined by the complaint they filed in federal court, which alleges, in part:

> 25.     Defendant's property is held by it *as a trustee of a charitable trust in favor of its parent denomination*. By its defiance of the governing rules of its parent denomination, Defendant is violating fiduciary duties. Defendant does not recognize that its property is subject to the governing rules of the Churches of God, including Article 17.03 of the General Conference

9

constitution.

App. at 23 (emphasis added).

* * * * *

The Dauphin County jury found specifically that Matamoras Community Church did not intend to create a trust of its property in favor of the East Pennsylvania Conference. Plaintiffs' own complaint demonstrates that the issues of use and ownership are inextricably intertwined. Accordingly, they are collaterally estopped from seeking to enjoin Matamoras from using its property in ways not sanctioned by the Churches of God. We thus affirm the judgment of the District Court.

By the Court,


 /s/    Thomas L. Ambro
Circuit Judge

10