# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of the Coatesville Area School District From the Decision of the Chester County Board of Assessment Appeals for the Property Located at 50 South First Avenue, City of Coatesville, Chester County, Pennsylvania Property Tax Parcel No. 16-05-0229.0000 | : : : : : : : : : | No. 1130 C.D. 2018 ARGUED: June 6, 2019 |
| Appeal of: Coatesville Area School District | : | |

| | | |
|---|---|---|
| In Re: Appeal of the Coatesville Area School District from the Decision of The Chester County Board of Assessment Appeals for Property Located at 50 S. First Avenue, Coatesville, Chester County Pennsylvania | : : : : : : | No. 1161 C.D. 2018 ARGUED: June 6, 2019 |
| Tax Parcel No. 16-05-00229.0000 | : : | |
| Appeal of: Huston Properties, Inc. | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  August 7, 2019**


The instant charitable property tax exemption case returns to this Court on cross-appeal after remand to the Court of Common Pleas of Chester County (trial court) *without* an appeal in a companion case involving the same property (Property), property owner, and issues. The companion case is the subject of a decision and order essentially identical to the appealed decision and order.  Because

the trial court's decision and order in the companion case are final and now, because of the passage of time, un-appealable, we conclude that the preclusion doctrines of technical res judicata and collateral estoppel apply and thus that these appeals must be dismissed.

The relevant factual and procedural history of this case prior to remand is set forth in an unpublished decision, *In re: Appeal of City of Coatesville* (Pa. Cmwlth., Nos. 511, 530, 607, and 608 C.D. 2016, filed February 16, 2017), slip op., and need not be set forth at length. Briefly, the case originated as an application for a real estate tax exemption by Huston Properties, Inc. (Huston), which claimed that the Property was regularly used as an institution of purely public charity. After hearing, the Chester County Board of Assessment (Board) granted a partial exemption of 72% for the 2014 tax year because 72% of the leasable space in Property was let to non-profits. Both the Coatesville Area School District (District) and the City of Coatesville (City) filed separately docketed appeals from the Board's decision. The District filed a notice of intervention in City's cross-appeal. [District's Notice of Intervention, *In re: Appeal of the City of Coatesville*, (C.P. Chester Pa., No. 2013-10761, filed Dec. 31, 2013); Reproduced Record "R.R." at 168a.][1] Huston responded with cross-appeals under the two docket numbers. Upon agreement of all parties made in open court at the call of the list, the trial court ordered that the dual cross-appeals from the Board be "consolidated *for trial*."[2] [Order, *In re: Appeal of*

---

[1] Pursuant to the Consolidated County Assessment Law, the District was entitled to intervene as of right. 53 Pa.C.S. § 8855. At trial, City stated that it had intervened in the District's appeal as well. (Notes of Testimony "N.T." Nov. 17, 2015 10; R.R. at 24a.)

[2] Rule No. 213(a) of the Pennsylvania Rules of Civil Procedure provides as follows:

2

*City of Coatesville*, (C.P. Chester Pa., Nos. 2013-10761-AB and 2013-10936-AB, filed Jan. 26, 2015) (emphasis added); R.R. at 170a.][3]  Both the City and District fully participated in the trial. Nevertheless, despite the common issues and the consolidation of the matters for hearing, the trial court did not consolidate the cases as a single case under a common docket number either prior to appeal or after remand.  The trial court issued identical orders under the separate trial court docket numbers affirming the Board's decision.

Upon review, this Court also consolidated the dual sets of cross-appeals between City and Huston and between District and Huston.  [Order, *In re: Appeal of the City of Coatesville* (Pa. Cmwlth., Nos. 511, 530, 607, and 608 C.D. 2016, filed June 17, 2016).] The designated appellants, City and District, filed a joint brief. [Brief of Appellants, *In re: Appeal of the City of Coatesville*, (Pa. Cmwlth., Nos. 511, 530, 607, and 608 C.D. 2016, filed July 27, 2016).]  We found that the trial court's initial findings of fact and conclusions of law were insufficient to resolve the issue of whether the Property was used as a "purely public charity" under relevant state constitutional and statutory provisions and case law.  Thus, we remanded the cases to the trial court for further consideration.

---

> In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

Pa. R.C.P. No. 213(a).

[3] At trial, a different judge of the trial court and the parties were aware of the consolidation, but unsure as to whether the consolidation was only for trial or for all purposes.  The trial court noted that the cases were separately docketed under different numbers. (N.T. Nov. 17, 2015 4-5, 7, 15-16; R.R. 18-19a, 21a, 29-30a.)

As stated above, after remand the trial court issued two essentially identical, but differently captioned, decisions and orders under the separate docket numbers. District appealed the decision and order in "its" case, that presently is before us, and Huston again cross-appealed. Neither City, nor District, nor Huston appealed the decision and order in the City's companion case.

Before this Court, Huston filed an application to quash District's appeal because of the un-appealed trial court decision in the companion case. The Court, in denying quashal, noted as follows:

> [Huston] bases its motion to quash on an argument concerning the asserted preclusive effect of an un-appealed companion case. Whether or not this argument has merit, it does not implicate the Court's jurisdiction to entertain appellant's appeal or appellant's right to appeal. Any such argument, rather, will have to be addressed to, and decided by the merits panel which ultimately hears this case.

[Order, *In re: Appeal of the Coatesville Area Sch. Dist.* (Pa. Cmwlth., 1130 C.D. 2018, filed Nov. 9, 2018).][4] Following argument, we now determine that the companion decision and order that were not appealed have preclusive effect and therefore we must dismiss these appeals.

Res judicata, also referred to as claim preclusion, encompasses two related, yet distinct principles: technical res judicata and collateral estoppel. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.),* 776 A.2d 362, 365 (Pa. Cmwlth. 2001). Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. *Id.* Collateral

---

[4] District's appeal was consolidated with Huston's cross-appeal on November 30, 2018. [Order, *In re: Appeal of the Coatesville Area Sch. Dist.* (Pa. Cmwlth., Nos. 1130 and 1161 C.D. 2018, filed Nov. 30, 2018).]

4

estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment. *Id.*

Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Id.* at 365-366. Technical res judicata applies to claims that were actually litigated as well as those matters that should have been litigated. *Id.* at 366. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings. *Id.*

Similarly, collateral estoppel, or issue preclusion, bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Rue v. K–Mart Corp.,* 713 A.2d 82, 84 (Pa. 1998).

Between the appealed decision and order in the District's case and the un-appealed decision and order in the City's case, there is clearly identity of the thing sued upon, identity of the cause of action, and identity of the quality or capacity of the parties being sued. Moreover, as noted above, District intervened in the City's case and fully participated in the joint trial. Our Supreme Court has long held that in applying res judicata "[t]he thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties *actually had an opportunity to appear and assert their rights*." *Slater v. Slater*, 94 A.2d 750, 751 (Pa. 1953) (emphasis added) [quoting *Hochman v. Mortg.*

5

*Fin. Corp. of Pa.*, 137 A. 252, 253 (Pa. 1927)]. While this case procedurally differs from *Slater* and *Hochman*, the rationale of those cases still applies—the ultimate and controlling issues were decided in a prior proceeding in which District actually had—and availed itself of—an opportunity to participate and assert its rights.

Similarly, the cross-appeals are barred by the doctrine of collateral estoppel, as it is clear that the issue in the City's un-appealed companion case is identical to the one involved in the instant cross-appeals, that the companion case resulted in a final judgment on the merits, and that District had a full and fair opportunity to appeal the decision and order in that case.

The backdrop of the tax assessment appeal process which results in a single assessment necessitates this conclusion. As a tax assessment appeal in a county of the third class, this case was and is governed by the Consolidated County Assessment Law (Law).[5] 53 Pa.C.S. § 8801. The Law requires notice of appeals by anyone aggrieved by an assessment to the taxing districts[6] having an interest in the assessment, 53 Pa.C.S. § 8844(b); notice of any hearings to affected taxing districts, 53 Pa.C.S. § 8844(e); and notice of any change in the assessed value of a property to taxing districts in which the property is located, 53 Pa.C.S. § 8846. Thereafter:

> A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment, and, in addition, may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before the board or court even though it was not a party in fact. *A taxing district authority may intervene in any appeal by a taxable*

---

[5] 53 Pa.C.S. §§ 8801-8868.

[6] The "taxing district" designation applies to both District and City. *See* 53 Pa.C.S. § 8802 (relating to definitions).

> *person under section 8854 (relating to appeals to court)*
> *as a matter of right.*

53 Pa.C.S. § 8855 (relating to appeals by taxing districts) (emphasis added). In addition, following an appeal to a board any affected taxing district may appeal a board's decision to the court of common pleas, and thereafter to this Court. 53 Pa.C.S. § 8854 (relating to appeals to court). Thus, the General Assembly, apparently recognizing the effects of a single assessment decision upon multiple taxing districts, expressly provided a remedy which enabled the District (and others) to appeal the decision and order in the City's companion case, irrespective of whether City did so. Thus, as in *Slater* and *Hochman*, the ultimate and controlling issues were finally decided in a proceeding in which the District actually had an opportunity to appeal and assert its rights.

Further, by definition, the assessed value/assessment for a property is singular:

> "Assessed value." *The assessment* placed on real property by a county assessment office *upon which all real estate taxes shall be calculated*.
>
> "Assessment." Assessed value.

53 Pa.C.S. § 8801 (emphasis added).[7] To contemplate, let alone find, an inconsistent assessment for the same property in this circumstance would lead to the potential for an absurd result not authorized by the Law, i.e., multiple assessments on the same property for different taxing districts. *See* Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1) (the legislature does not intend a result that is absurd, impossible of execution, or unreasonable).

---

[7] The definitions of "assessed value" and "assessment," inasmuch as they reference each other, are two terms with the same meaning.

Because the arguments raised herein are barred by the doctrines of claim and issue preclusion, we must dismiss this appeal.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of the Coatesville Area : 
School District From the Decision of the : 
Chester County Board of Assessment :     No. 1130 C.D. 2018
Appeals for the Property Located at : 
50 South First Avenue, City of Coatesville, : 
Chester County, Pennsylvania Property : 
Tax Parcel No. 16-05-0229.0000 : 
    :
Appeal of: Coatesville Area School District :


In Re: Appeal of the Coatesville Area : 
School District from the Decision of The : 
Chester County Board of Assessment :     No. 1161 C.D. 2018
Appeals for Property Located at 50 S. First : 
Avenue, Coatesville, Chester County : 
Pennsylvania : 
    :
Tax Parcel No. 16-05-00229.0000 : 
    :
Appeal of:  Huston Properties, Inc. : 

# **O R D E R**

AND NOW, this 7th day of August, 2019, the above-captioned appeals are hereby DISMISSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge