J-S48027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ADAM SCOTT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER COUNTY DA OFFICE AND | : | No. 1961 EDA 2024 |
| DEBORAH S. RYAN | : | |

Appeal from the Order Entered October 27, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-02219-TT,
61781-066


BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:　　　　　　　　　　　**FILED JULY 15, 2025**

Appellant Adam Scott appeals *pro se* from the order sustaining the preliminary objections filed by the Chester County District Attorney's Office and Deborah Ryan, in her official capacity as District Attorney of Chester County (collectively, Appellees), and dismissing Appellant's complaint with prejudice.  Appellant argues that the trial court erred in sustaining Appellees' preliminary objections.  We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

> On or about January 6, 2023, [Appellant] initiated this action against [Appellees] . . . in the Commonwealth Court of Pennsylvania at docket 1 MD 2023 with the filing of a praecipe to issue a writ of summons.  On or about February 3, 2023; the Commonwealth Court issued an order transferring the matter to this court after determining that jurisdiction "lies in the court of

common pleas." On or about March 28, 2023, the Office of the Prothonotary accepted this matter from the Commonwealth Court and docketed the action at 2023-02219-TT.

On June 27, 2023, [Appellees] filed a petition for *non pros* seeking dismissal of the action. On August 16, 2023, the court denied the petition for *non pros* and directed Scott to file a complaint within twenty (20) days consistent with the Rules of Civil Procedure. On August 22, 2023, [Appellant] filed his "Civil Complaint" to which [Appellees] filed the present preliminary objections. [Appellant] responded to the preliminary objections on October 18, 2023 . . . .

Allegations in the Complaint

Although lacking any identification of a cause of action or separate counts, the complaint read fairly indicates that [Appellant] is seeking (1) the production of documents related to a criminal action, specifically wiretap evidence, which he believes **may** have been obtained illegally and he asserts has been improperly withheld by [Appellees], and (2) monetary damages for [Appellees'] alleged violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act (the "Wiretap Act").

The complaint alleges, and requests relief, as follows:

> [Appellant] is requesting that the Chester County district attorney's office and their current, or future DA furnish, produce and turn over the affidavits, court orders, reports and audio recordings for PA State Wiretap misc no 15-1 ED 2009. Which was a wiretap of Vincent Marchant's cell phone . . . to which the [Appellant] is a[n] aggrieved party.

> [Appellant] is also, and separately requesting that the [Appellees] pay the plaintiff $100,000 USD or more for their violations of the state and federal wiretap statutes. And the Penn Stored Communications Act 18 Pa C.S. § 5714.

> Chester County conducted 7 wiretaps in 2009. [Appellant] was a target or party to most of those wires. The documents and intercepted phone calls of those wires were requested, and that request was denied by Chester County and ADA Carlos Barraza in violation of PA law.

*  *  *

It is likely that these 7 secret wiretaps conducted by Chester County in 2009 were very illegal. But even if they were done according to the Constitution and proper, those wiretaps must be made available to those intercepted in them for inspection.

The last **discovery request** for these documents, occurred on October 21st 2022. That request made to Deborah Ryan, Chester County DA Office and with inspection motion to the PA Superior Court which was denied by them all.

[Compl., 8/22/23.]

Trial Ct. Order, 1/16/24, at 1-2 n.1 (some formatting altered and emphases in original).

Appellant filed a timely notice of appeal[1] and a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues for review:

_____

[1] We note that Appellant originally filed his appeal with the Commonwealth Court. On July 12, 2024, the Commonwealth Court transferred the appeal to this Court due to lack of jurisdiction. Initially, upon review of the record and the notice of appeal that was transferred to this Court, it appeared that Appellant did not file his notice of appeal until forty-six days after the entry of the October 7, 2023 order.

On October 15, 2024, this Court issued a rule to show cause as to why this appeal should not be quashed as untimely. Appellant, who is incarcerated, filed a response and attached a certified mail receipt confirming that he originally mailed his notice of appeal on November 7, 2023, but that according to the United States Postal Service, the package containing the notice of appeal had "been lost or will arrive late." Ultimately, this Court accepted Appellant's reasoning, discharged the show-cause order, and allowed the appeal to proceed as timely. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) (stating that "[t]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing" (citation omitted and formatting altered)).

1. That collateral estoppel does not apply as [Appellees] were never a party in any previous litigation or proceeding. And the request for monetary damages, injunctive relief, declaratory relief, PA Wiretap Act, Stored Communications Act and service of inventory letters was never litigated before any court or any party. If Estoppel does apply it only limits the plaintiff from litigating the discovery issue at trial, but the other issues and arguments would still proceed. It was clear error for [the trial court] to *sua sponte* apply Estoppel to the entire civil suit and dismiss with prejudice on that issue.

2. [The trial court] committed reversible error by *sua sponte* dismissing the 18 Pa.C.S. § 5725 and § 5714 because the complaint failed to allege any "specific action" or "facts." Neither party, [Appellant] nor [Appellees], raised this argument or even alluded to it. If the civil complaint failed to allege any specificity it should have been dismissed without prejudice for lack of subject matter jurisdiction.

Appellant's Brief at 3 (some formatting altered).[2]

In reviewing a trial court's ruling on preliminary objections,

we deem all material facts averred in the complaint, and all reasonable inferences that can be drawn therefrom[] to be true. The purpose of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt. With regard to preliminary objections in the nature of

---

[2] We note that although Appellant did not include a statement of questions in his brief. **See** Pa.R.A.P. 2111(a)(4) (stating that an appellate brief must include a statement of the questions involved on appeal). However, Appellant identified the issues he intended to argue on appeal in both his Pa.R.A.P. 1925(b) statement and in his brief. We do not condone Appellant's failure to comply with the Rules of Appellate Procedure. However, because Appellant's noncompliance does not impede our review, we decline to find waiver on this basis. **See, e.g., Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

demurrer, we consider whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Commonwealth by Shapiro v. Golden Gate National Senior Care LLC***, 194 A.3d 1010, 1022 (Pa. 2018) (citations and quotations omitted and some formatting altered). "We will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Ashton v. Aventus Pasteur, Inc.***, 851 A.2d 908, 911 (Pa. Super. 2004) (citation omitted).

Here, the trial court explained its decision to grant Appellee's preliminary objections as follows:

[Appellees] argue in their preliminary objections that [Appellant's] complaint is legally insufficient and should be dismissed with prejudice pursuant to Pa.R.C.P. 1028(a)(4) - demurrer. . . .

[Appellees] argue that the issues surrounding [Appellant's] request for wiretap documents and evidence have been exhaustively litigated and were decided previously by other state and federal courts. Thus, argue [Appellees], the doctrine of collateral estoppel bars [Appellant's] attempts to re-litigate the same issues in this case. The court agrees.

Issue preclusion, or collateral estoppel, prevents parties from litigating an issue previously decided. In order for the doctrine to apply, the following criteria must be met: the issue in the earlier case must be identical to the one in the latter case, there was a final judgment on the merits, the party against whom the plea is asserted was a party or in privity with a party in the prior case, the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceedings, and the determination in the prior proceeding must be essential to the judgment. ***Rue v. K-Mart Corp.***, 713 A.2d 82 ([Pa.] 1998); ***Office of Disciplinary Counsel v. Duffield***, 644 A.2d 1186 ([Pa.] 1994).

Here, [Appellant] claims that [Appellees] improperly denied him access to certain wiretap evidence. [Appellant] himself describes this matter as a "discovery request." (Compl., at ¶ 13). He also acknowledges that he previously raised these issues before the Superior Court and requested the same relief in the matter docketed at no. 15-1 E.D. 2009. (Compl., at ¶¶ 4, 13). Thus, [Appellant's] complaint makes clear that this discovery issue and the related issues surrounding these wiretap documents have been fully litigated and he had a full opportunity to be heard before the Superior Court. Notably, his request for access was granted by the Superior Court. Additional requests to the Superior Court through multiple requests for reconsideration also were addressed, although ultimately denied. This court therefore is precluded from litigating these same issues again. Additionally, as set forth at length in [Appellees'] preliminary objections and memorandum in support, a federal court likewise has ruled upon a variety of requests made by [Appellant] with regard to access to wiretap evidence. Again, this court is not permitted to relitigate those issues.

Furthermore, a plaintiff may not use a civil action to collaterally attack the legality of criminal proceedings or raise matters properly raised in criminal trial courts such as discovery related issues. . . .

Finally, to the extent [Appellant] seeks to assert a claim pursuant to 18 Pa.C.S. § 5725(a) and § 5714, the complaint fails to allege any specific facts to support such claims. Similarly, [Appellant's] purported claims under the Pennsylvania Tort Claims Act and his general averment that "[w]hen police and prosecutors use the color of law to violate people['s] rights they are subject to civil suit and tort under Commonwealth law" fail to identify with any specificity any material facts. The complaint fails to allege any specific action on the part of [Appellees] to support his claim of a civil rights violation or to identify any specific rights he claims were violated.

Trial Ct. Order at 3-4 n.1 (some formatting altered).

Following our review of the record, we discern no error of law or abuse of discretion by the trial court. *See Ashton*, 851 A.2d at 911. The trial court thoroughly explained its reasons for granting Appellees' preliminary objections

and concluded that Appellant was not entitled to relief.  **See** Trial Ct. Order at 3-4 n.1. Therefore, we affirm based on the trial court's analysis of Appellant's claims.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025