PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3356
_____


ADELPHIA GATEWAY, LLC,

Appellant

v.

PENNSYLVANIA ENVIRONMENTAL HEARING
BOARD; THOMAS W. RENWAND; BERNARD A.
LABUSKES, JR.; MICHELLE A. COLEMAN; STEVEN C.
BECKMAN; WEST ROCKHILL TOWNSHIP; CLIFF
COLE; PAMELA WEST; BRIAN WEIRBACK; KATHY
WEIRBACK; TODD SHELLY; CHRISTINE SHELLY

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-01241)
District Judge: Honorable Christopher C. Conner

_____

Argued September 20, 2022

Before: AMBRO*, RESTREPO, and FUENTES, <u>Circuit</u>
<u>Judges</u>

(Opinion filed: March 14, 2023)

Andrew T. Bockis **(Argued)**
Saul Ewing Arnstein & Lehr LLP
2 North Second Street
Penn National Insurance Plaza, 7th Floor
Harrisburg, PA  17101

Justin C. Danilewitz
Patrick F. Nugent
Saul Ewing Arnstein & Lehr LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102

Blaine R. Feinauer
Elizabeth U. Witmer
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive
Suite 200
Wayne, PA  19087

       Counsel for Appellant

---

*Judge Ambro assumed senior status on February 6, 2023.

Michael D. Fiorentino  **(Argued)**
Law Office of Michael D. Fiorentino
42 E. 2nd Street
Suite 200
Media, PA  19063

Counsel for Appellees

———————

OPINION OF THIS COURT

———————

AMBRO, <u>Circuit Judge</u>

Adelphia Gateway, LLC ("Adelphia") received approval from the Pennsylvania Department of Environmental Protection (the "DEP") to build a natural gas compressor station in West Rockhill Township, Pennsylvania.  This drew the ire of that town and several of its residents, who filed three separate challenges before the Pennsylvania Environmental Hearing Board (the "Hearing Board" or "Board") attacking the approval as unlawful.  Adelphia moved to dismiss, arguing that 15 U.S.C. § 717r(d)(1) bars the Board from hearing the appeals.  The Board agreed and dismissed.  But, on appeal, the Commonwealth Court of Pennsylvania reversed the dismissal, holding that the Board had jurisdiction and that hearing the challenges was not preempted by the Natural Gas Act, 15 U.S.C. § 717 *et seq*.  *See Cole v. Pa. Dep't of Env't Prot.*, 257 A.3d 805, 821 (Pa. Commw. Ct. 2021).

Adelphia then rushed to federal court and filed a complaint that, if successful, would have nullified the

3

Commonwealth Court's decision. It sought declaratory judgments that the Board lacked jurisdiction and that its review was preempted by federal law; it also sought to enjoin the Board from hearing the challenges. The District Court dismissed Adelphia's complaint under the issue preclusion doctrine.

Because we agree that Adelphia's challenge impermissibly seeks to relitigate an issue decided by the Commonwealth Court, we affirm.

## I. Facts

In December 2019, the Federal Energy Regulatory Commission conditionally approved Adelphia's application under § 717f(c) of the Natural Gas Act to acquire, construct, and operate an interstate natural gas pipeline system. *See Adelphia Gateway, LLC*, 169 FERC ¶ 61,220 (2019). As part of that project, Adelphia sought to construct a compressor station in West Rockhill Township. To do so, it applied separately to the DEP to demonstrate that the proposed station satisfied the requirements of the Federal Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, and Pennsylvania's Air Pollution Control Act, 35 Pa. Stat. §§ 4001 *et seq.*

The DEP found all statutory requirements met and granted Adelphia a Plan Approval in April 2019.[1] The Plan Approval provides that "[a]ny person aggrieved by this action may appeal the action to the Environmental Hearing Board."

_____

[1] It was effective for eighteen months. In October 2020, Adelphia obtained an Extension that remained effective until April 19, 2022.

A1466.    Three separate appeals (collectively, the "Challenges") were subsequently filed with the Board to challenge the Plan Approval's issuance.[2]    The Challenges centered on the Department's alleged failure to consider certain environmental and zoning regulations.

Adelphia moved to dismiss the Board's actions for lack of subject-matter jurisdiction.    In its view, 15 U.S.C. § 717r(d)(1) grants federal courts of appeals original and exclusive jurisdiction over challenges to environmental permits issued by the DEP.  That statute provides:

> The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval . . . required under Federal law.

---

[2]    On May 20, West Rockhill Township appealed the Plan Approval's issuance. EHB Docket No. 2019-039-L.  On June 3, Appellees Cliff Cole, Pamela West, Brian Weirback, Kathy Weirback, Todd Shelly, and Christine Shelly also challenged the Approval.  EHB Docket No. 2019-046-L.  Two days later, on June 5, Sheila Vogelsang McCarthy appealed.  EHB Docket No. 2019-049-L.    Both West Rockhill Township and McCarthy's cases are now closed, and only Appellees' case remains open.

Adelphia argued that the Board lacked jurisdiction to hear the Challenges because they called for the "review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue" the Plan Approval. 15 U.S.C. § 717r(d)(1). This argument proved convincing to the Board, which dismissed them for want of jurisdiction.

The Commonwealth Court of Pennsylvania reversed. *See Cole*, 257 A.3d at 821. It held the Board had jurisdiction because its administrative proceedings are not "civil actions" within the scope of § 717r(d)(1) and that the Natural Gas Act did not preempt the Board from exercising its jurisdiction. Thus the Court rejected Adelphia's argument that we have original and exclusive jurisdiction over the Challenges. *See id.* at 813–16.

Adelphia then undertook two actions to avoid having its Plan Approval reviewed by the Board. First, it filed suit in the United States District Court for the Middle District of Pennsylvania requesting that it enjoin the Board from reviewing the Challenges. In its complaint, Adelphia argued, as it did before the Commonwealth Court, that the Board lacks jurisdiction to hear the Challenges and that the Natural Gas Act preempts it from doing so.

Second, a day after its rush to federal court, Adelphia filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. That petition has been stayed pending the conclusion of this litigation. *See* Order Holding Petition for Allowance of Appeal, *Pa. Dep't of Env't Prot. v. Cole*, No. 312 EAL 2021 (Pa. June 8, 2022).

The District Court dismissed Adelphia's suit with prejudice. It held that the issue preclusion doctrine bars Adelphia from bringing a federal action premised on arguments the Commonwealth Court rejected. *See Adelphia Gateway, LLC v. Pa. Env't Hearing Bd.*, No. 1:21-CV-1241, 2021 WL 5494286, at *4–9 (M.D. Pa. Nov. 23, 2021). Adelphia appealed.[3]

## II.    Analysis

The Commonwealth Court held that the Board had jurisdiction over the Challenges and that the Natural Gas Act did not preempt the Board from exercising its jurisdiction. The District Court recognized that Adelphia's federal action sought to revisit both these questions. Rather than doing so, it ruled the action was barred by issue preclusion and dismissed.

Adelphia protests that ruling on two grounds. First, it contends that issue preclusion is optional and must cede to this dispute's important issues of federal energy policy that courts must decide. Second, assuming issue preclusion is theoretically available, Adelphia contends it cannot be applied because required criteria are unmet.

---

[3]    The District Court had jurisdiction under 28 U.S.C. § 1331 because Adelphia's action arises under federal law. We have jurisdiction under 28 U.S.C. § 1291. We exercise a fresh review over a district court's dismissal under Rule 12(b)(6). *See Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200 (3d Cir. 2009).

7

We disagree on both fronts.  The District Court properly considered issue preclusion because federal courts are statutorily required to accord full faith and credit to issues decided by state courts.  And because Adelphia's suit sought to relitigate questions answered by the Commonwealth Court, we affirm.

### a. Federal Courts Must Give "Full Faith and Credit" to State Court Proceedings.

Adelphia contends that the District Court should not have considered applying issue preclusion in this matter.  It casts the principle as a "prudential doctrine" that the Court improperly elevated over its "virtually unflagging obligation to exercise jurisdiction."  Opening Br. at 16, 33.  And in Adelphia's view, this dispute's important federal energy considerations render the case a particularly unsuitable candidate for issue preclusion.

This argument ignores that federal courts are obliged by statute to give full faith and credit to state court proceedings.  Title 28 U.S.C. § 1738 provides that "[t]he records and judicial proceedings of any court of any [] State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  This "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) (same).  Here the District Court had to consider whether the issue in this matter was already decided by the Commonwealth Court.

8

It is of no consequence that the question decided by the Commonwealth Court bears on the scope of the federal courts' original and exclusive jurisdiction because there is no jurisdiction-exception to § 1738's unequivocal mandate. That statute requires us to give full faith and credit to state court proceedings, period. The Commonwealth Court decided that the Board has authority to hear the Challenges after interpreting a statute and applying that interpretation to the facts. We are not permitted to disregard that conclusion simply because it relates to our jurisdiction.[4] *See Weiner v. Blue Cross of Md., Inc.*, 730 F. Supp. 674, 682 (D. Md. 1990) (Niemeyer, J.) (explaining that "when under a given set of facts jurisdiction depends on a legal interpretation, a state court has the power, and when confronted with the issue, the duty, to apply federal law and determine the issue of preemption. . . . The determination by the state court on the issue whether it or the federal court has subject matter jurisdiction will be given res judicata effect on that issue."), *aff'd sub nom. Weiner v. Blue Cross & Blue Shield of Md., Inc.*, 925 F.2d 81 (4th Cir. 1991). Thus the District Court had to respect the Commonwealth Court's interpretation and application of federal law.

---

[4] The question of whether § 717r(d)(1) of the Natural Gas Act divested the Commonwealth Court of jurisdiction to hear the issue it ultimately decided—whether the Board's dismissal for lack of subject matter jurisdiction was proper—is a separate issue which we address below. As explained there, the Commonwealth Court had jurisdiction to review the appeal of the Board's dismissal because, among other things, the Commonwealth Court was not asked to review an order or action to issue, condition, or deny any permit.

Of course, what Congress gives it can take away. So if "a later statute contains an express or implied partial repeal" of § 1738, federal courts may choose not to regard a state court's resolution of an issue as conclusive. *Kremer*, 456 U.S. at 468. But the Natural Gas Act's text does not mention, and therefore did not explicitly repeal, § 1738. To find an implicit repeal, there must be an "irreconcilable conflict" between the Natural Gas Act and § 1738. *Id.* (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976)). The Supreme Court has "seldom, if ever," found this "stringent standard" met. *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 380–81 (1996). We do not buck that trend here. Because the Natural Gas Act is not in irreconcilable conflict with giving state court judgments concerning jurisdiction the full faith and credit called for by § 1738, we hold there was no implied repeal of that statute.

### b. The District Court Properly Invoked Issue Preclusion.

The District Court invoked issue preclusion to stop Adelphia from relitigating the Commonwealth Court's ruling that the Hearing Board had authority to hear the Challenges. We look to state law to determine when to apply this doctrine, *see Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985), and Pennsylvania courts require the party asserting issue preclusion to establish four elements:

> (1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in

10

> privity with a party to the prior action; and (4)
> the party against whom collateral estoppel is
> asserted had a full and fair opportunity to litigate
> the issue in the prior action.

*Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998).[5] In addition, Pennsylvania courts give preclusive effect only to judgments from courts of competent jurisdiction. *See Commonwealth v. Reid*, 235 A.3d 1124, 1143 n.10 (Pa. 2020).

We begin with ensuring the jurisdictional requirement is met. The Commonwealth Court is the judicial body that hears appeals from the Hearing Board, *see* 42 Pa. Cons. Stat. § 763, so it presumptively had jurisdiction to review the appeal of the dismissal by the Board. But, at oral argument before us, Adelphia for the first time asserted that § 717r(d)(1) divested the Commonwealth Court of jurisdiction to review the appeal of the Board's dismissal.[6] We disagree.

---

[5] In Pennsylvania, "collateral estoppel" and "issue preclusion" are the same. *See Commonwealth v. Holder*, 805 A.2d 499, 502 n.3 (Pa. 2002) ("Collateral estoppel is defined as 'issue preclusion' and it prevents relitigation of particular issues.").

[6] After holding argument before the Commonwealth Court, that Court called for supplemental briefing on whether § 717r(d)(1) divested it of jurisdiction to hear the appeal. Adelphia assured the Court that it retained jurisdiction, and it accepted that position. *See Cole*, 257 A.3d at 820 n.22 ("[T]he parties agree that because the limited question on appeal before this Court—namely, the subject matter jurisdiction of the [Board]—does not involve a review of the merits of the DEP plan approval, the Third Circuit's exclusive jurisdiction under

Section 717r(d)(1) did not divest the Commonwealth Court of jurisdiction because it was not reviewing agency action under the Natural Gas Act. "Out of respect for state courts," we must decline "to construe federal jurisdictional statutes more expansively than their language, most fairly read, requires." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 389 (2016). No fair reading of § 717r(d)(1) tells us that it divested the Commonwealth Court of jurisdiction to review whether the Board's dismissal for lack of subject matter jurisdiction was proper. Rather, the statute grants the United States Courts of Appeals original and exclusive jurisdiction over civil actions for "review of an order or action of a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit . . . required under Federal law." 15 U.S.C. § 717r(d)(1). The Commonwealth Court's review of whether the Board had jurisdiction is outside § 717r(d)(1)'s purview. We therefore hold the Commonwealth

---

Section 717r(d)(1) is not implicated. Accepting the parties' position, we will not dismiss this appeal *sua sponte* for lack of jurisdiction.").

Indeed, in its briefs to us and the District Court, Adelphia never argued that the Commonwealth Court lacked jurisdiction to hear the appeal. Although we normally do not consider arguments not raised in a party's briefs, we do not treat this argument as forfeited because jurisdiction is a threshold issue. *See Reid*, 235 A.3d at 1143 & n.10 (endorsing *sua sponte* analysis of a court's jurisdiction before giving its decision preclusive effect).

12

Court had jurisdiction to hear the appeal of the Board's dismissal.

We readily conclude the remaining elements of issue preclusion are met. Pennsylvania courts apply issue preclusion to "foreclose[] relitigation . . . of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Hebden v. Workmen's Comp. Appeal Bd.*, 632 A.2d 1302, 1304 (Pa. 1993) (citation omitted). The Commonwealth Court held that because § 717r(d)(1) covers only "civil actions," the Board has jurisdiction and that its review of the Plan Approval is not preempted. *Cole*, 257 A.3d at 815 ("Petitioners' appeal to the [Hearing Board] is an administrative proceeding, distinct from a civil action, and it lies properly before the [Board] under Pennsylvania law."); *id.* at 820–21 ("There is a strong presumption against federal preemption of state laws. . . . [Section 717r(d)(1)] does not preempt the Commonwealth's administrative review process, which vests within the [Board] the authority to conduct administrative reviews of DEP permitting decisions."). So Adelphia was precluded from relitigating whether § 717r(d)(1) prohibits the Board from reviewing the Challenges.

Yet Adelphia's federal complaint tried to do just that. It sought a declaration that "the Third Circuit has original and exclusive jurisdiction to hear any appeal of the Plan Approval" and "that the [Natural Gas Act] preempts any authority or jurisdiction of the [Board] to take any further action in connection with the Plan Approval." A46 ¶¶ 21, 23. The complaint further requested the District Court to enjoin the Board from presiding over the Challenges. *See* A67–72. Thus Adelphia's federal action straightforwardly sought to relitigate issues that the Commonwealth Court had already decided.

13

Adelphia's attempt to distinguish the question presented to the District Court from that decided by the Commonwealth Court rests on an "overly-narrow characterization of the particular legal questions at issue in the two proceedings." *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 266 (3d Cir. 2008) (applying Pennsylvania law and holding issue preclusion appropriate because the issues are identical). None of the factual differences that Adelphia identifies alter the legal analysis in any way.[7] Because the federal action reraises the same jurisdictional and preemption arguments decided by the Commonwealth Court, we hold that the issues in the two proceedings were identical.

Turning next to whether the Commonwealth Court reached a final judgment on the merits, we hold this element

---

[7] For example, Adelphia argues that its federal action's motion for injunctive relief requires consideration of irreparable harm and the public interest. But if there is no likelihood of success on the merits, the Court need not reach those issues. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 180 n.5 (3d Cir. 2017). They do not bear on the merits at all; thus Adelphia cannot use them to distinguish the issues.

Adelphia also contends that the Commonwealth Court action concerned only the Plan Approval, but by the time the federal action arose it had been issued a Plan Approval Extension. This minor factual difference does not affect the jurisdiction and preemption questions decided by the state court. If the Board has jurisdiction because its proceedings are not civil actions, as the Commonwealth Court held, it does not matter whether the Board is presiding over a challenge to a Plan Approval or Plan Approval Extension.

satisfied. "A judgment is deemed final for purposes of . . . collateral estoppel unless or until it is reversed on appeal." *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Adelphia argues that the Commonwealth Court's final judgment only concerned the Plan Approval, not its Extension. This minor factual difference does not affect whether the Court's judgment is final.

Adelphia further contends that applying issue preclusion was improper because it did not have a full and fair opportunity to litigate the preemption issue in state court. This requirement is met if a party could "litigate issues in the manner available in a court of record" and had sufficient incentive to do so vigorously in the first proceeding. *See Rue*, 713 A.2d at 86; *Frederick v. Action Tire Co.*, 744 A.2d 762, 768 ¶ 19 (Pa. Super. Ct. 1999).

Adelphia does not allege, nor could it, that it lacked sufficient incentive or opportunity to litigate its claims before the Commonwealth Court. Rather, it contends preemption "was not the focus of the state court action and was not the basis of the state court's decision." Opening Br. at 39. As an initial matter, we have already observed that the Commonwealth Court rejected the preemption argument that Adelphia presented. But even taking as true that the Commonwealth Court was primarily focused with the jurisdictional issue, we note that issue preclusion would still apply. That doctrine precludes reraising issues that were "actually litigated" and "necessary to the original judgment." *Hebden*, 632 A.2d at 1304. The Commonwealth Court decided the preemption issue and it was necessary to its judgment.

15

Adelphia finally asserts that "it is fundamentally unfair for the court below to defer to the very courts expressly prohibited under the [Natural Gas Act] from considering appeals of permit approvals." Opening Br. at 40. But, as noted above, nothing in the Act stops state courts from determining whether their state's administrative agencies have the authority to hear challenges to a permit subject to that Act's provisions. There is nothing unfair in having to litigate this jurisdictional question before a state court of competent jurisdiction.

Hence we hold the District Court properly invoked issue preclusion because the Commonwealth Court already decided the issues in a final judgment after giving Adelphia a full and fair opportunity to litigate them.

\* \* \* \* \*

When a party has its day in state court and loses, it is not permitted a do-over in federal court. Were it otherwise, state court decisions would lack finality, litigation expenses would balloon, and lower federal courts would sit as quasi-courts of appeals over state courts. That would be contrary to § 1738's mandate. So the District Court was correct to decline Adelphia's invitation to relitigate questions already decided by the Commonwealth Court. We thus affirm.