**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2945
_____

DAVID HATCHIGIAN,
                              Appellant

v.

POWERTRAIN PRODUCTS INC, c/o TERI SCHWINGER;
WELLS FARGO BANK, N.A.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-05601)
District Judge:  Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 27, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 3, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Hatchigian, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

In August 2021, Hatchigian brought suit against Powertrain Products, Inc. (Powertrain) and Wells Fargo Bank, N.A. (Wells Fargo) (Collectively, Defendants) in the Philadelphia Municipal Court. ECF No. 1 at ¶ 5; DCT No. 1 at PDF 74. The complaint concerns his purchase of a car part, specifically, a transfer case, from Powertrain, that he maintains was defective and should have been covered by a Powertrain warranty. Hatchigian used a credit card issued to him by Wells Fargo to purchase the transfer case. Specifically, Hatchigian claimed that the transfer case did not work in his car, Powertrain did not reimburse him for repairs, and Wells Fargo denied his claim for reimbursement of the purchase. DCT No. 1 at PDF 74. Following Hatchigian's repudiation of an agreed upon settlement, ECF No. 1 at 9-10; ECF No. 18 at 6-7, the Municipal Court held a trial on the merits, ECF No. 14 at 54-69, and entered judgment for Defendants. Id. at 69. Rather than file an appeal of the state municipal court judgment, Hatchigian refiled his claims in federal court.[1] ECF No. 13 at 10-11.

---

[1] On appeal to this Court, Hatchigian explicitly states that he filed his federal complaint as a substitute for a state court appeal of state municipal court judgment. ECF No. 13 at 10. To the extent Hatchigian sought to appeal the municipal court's decision, he chose the wrong route. 42 Pa. C.S. § 932; Phila. Civ. R. 1001(c)(1); see Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state-court decisions."); Adelphia Gateway, LLC v. Penn. Env't Hearing Bd., 62 F.4th 819, 828 (3d. Cir. 2023) ("When a party has its day in state court and loses, it is not permitted a do-over in federal court. Were it otherwise, state court decisions would lack finality, litigation expenses

In his federal complaint, filed in December 2021, Hatchigian continues to maintain that the transfer case purchased from Powertrain via his Wells Fargo credit card was defective. DCT No. 1. Hatchigian asserts various claims based upon the purchase, including that it was subject to various written and implied warranties and contractual provisions which the Defendants breached. DCT No. 1. In addition, Hatchigian claims that Defendants' failures to provide him with any remedies violated the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et seq., and state and federal unfair trade practices acts. DCT No. 1.

Defendants both moved the District Court to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendant Powertrain also moved to dismiss pursuant to the doctrine of res judicata. DCT Nos. 15, 16. The District Court granted their motions and dismissed Hatchigian's complaint as barred by res judicata. DCT No. 25. On appeal, Hatchigian argues that the District Court erred in ruling that his claims were barred by res judicata because he chose to forego a state court de novo appeal[2] to instead refile his action in federal court.[3] ECF No. 1 at ¶¶ 11-14. We disagree.

_____

would balloon, and lower federal courts would sit as quasi-courts of appeals over state courts.").

[2] Hatchigian appears to claim that, as a result of this choice, the municipal court judgment was not final as he has yet to receive "a full and fair hearing" in any state court of record. ECF No. 1 at ¶ 12.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's application of res judicata is plenary. Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

3

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts "to give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (internal quotation marks omitted). In Pennsylvania, the doctrine of res judicata, or claim preclusion, "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." In re Coatesville Area Sch. Dist., 244 A.3d 373, 378 (Pa. 2021). For the doctrine to apply, a "final, valid judgment on the merits by a court of competent jurisdiction" must have been entered in the prior proceeding. Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995). There must also be "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." In re Coatesville, 244 A.3d at at 379 (citation omitted).

The District Court reviewed these requirements and concluded that they have been met in Hatchigian's case.[4] We agree that, though Hatchigian's District Court action included federal statutory claims, which were not raised in state court, these claims were also barred by res judicata because the events giving rise to those claims were essentially similar, if not identical, to the events underlying Hatchigian's state court complaint. See

---

[4] The District Court relied on the federal law of res judicata. Instead, it was required to apply Pennsylvania state law. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir. 1994). Despite this, "[w]e may affirm on any basis supported by the record, even if it departs from the District Court's rationale." TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019).

CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (noting that claim preclusion bars a second suit based on the same cause of action, viewing a "cause of action" broadly and in factual, as opposed to legal, terms); Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d. Cir. 1982) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims[.]").

In light of the foregoing, we will affirm the District Court's order dismissing Hatchigian's complaint.[5]

---

[5] Because Hatchigian's complaint is barred by res judicata, we need not reach his argument that the District Court had subject matter jurisdiction to hear his claims. See Hoffman v. Nordic Naturals, Inc., 837 F.3d 272, 277 (3d Cir. 2016).