**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1654
_____

HAKIM SCOTT,
                    Appellant

v.

KOOKMIN BEST INSURANCE CO. LTD.,
FKA Leading Insurance Services Inc.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01906)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
January 29, 2024
_____

Before: KRAUSE, PORTER, and CHUNG,
*Circuit Judges*.

(Filed: January 30, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**PORTER**, *Circuit Judge*.

Hakim Scott sued David On, Inc. (David) in state court for injuries he sustained while patronizing David's deli. David's insurer, Kookmin Best Insurance Co. (KBIC), joined the suit as an additional defendant. The court ruled that KBIC had no duty to indemnify David under its insurance policy for liability that David may incur from Scott's suit. Scott later sued KBIC in federal court, alleging that KBIC must indemnify David under the policy. The District Court found that Scott was precluded from relitigating that issue and granted KBIC's motion to dismiss. We will affirm.

I

In 2013, Scott was patronizing Murano Deli, a deli in Philadelphia that serves alcohol, when he was stabbed by an intoxicated patron. Scott sued David, the owner of the deli, in the Court of Common Pleas of Philadelphia County for serving alcohol to the attacker, who allegedly was visibly intoxicated.

At the time of Scott's injury, David maintained a commercial general liability insurance policy (the Policy) with KBIC. KBIC disclaimed any coverage under the Policy for liability resulting from Scott's injuries, citing the Policy's assault and battery exclusion. KBIC then joined Scott's state court action as an additional defendant. It filed a counterclaim against Scott seeking a declaration that "[t]here is no coverage for defense or indemnity for the allegations brought against [David] in the underlying Scott lawsuit."

2

App. 70. The Court of Common Pleas granted KBIC's unopposed motion for summary

judgment on that counterclaim, thus granting KBIC's requested declaratory relief.[1]

In 2021, Scott agreed to a $900,000 settlement with David and dismissed the suit

against it. David then assigned any rights it had under the Policy to Scott. Scott notified

KBIC about the settlement agreement and demanded it indemnify David $900,000, but

KBIC never responded.

Accordingly, in 2022, Scott sued KBIC in federal court for breach of contract. He

alleges that KBIC had a duty to indemnify David under the Policy's liquor liability

coverage provision. The District Court granted KBIC's motion to dismiss for failure to

state a claim. It found that the Court of Common Pleas had already determined that KBIC

did not have a duty to indemnify David under the Policy, and thus Scott was precluded

from relitigating that issue. Scott appealed.

## II[2]

"Issue preclusion, also known as collateral estoppel, bars relitigation of issues

adjudicated in a prior action." *Crossroads Cogeneration Corp. v. Orange & Rockland*

*Utils., Inc.*, 159 F.3d 129, 134 (3d Cir. 1998). "Federal courts are required to give

---

[1] The Court of Common Pleas did not separately recite KBIC's requested declaration, instead stating that KBIC's "Motion for Summary Judgment is granted." App. 84. But there is no dispute that the court granted KBIC's requested declaratory relief.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We conduct a plenary review of the District Court's decision granting KBIC's motion to dismiss. *Burrell v. Staff*, 60 F.4th 25, 33 (3d Cir. 2023).

preclusive effect to state court judgments by virtue of the Full Faith and Credit Act[.]" *Id.* (referring to 28 U.S.C. § 1738).

To determine the preclusive effect of a prior state action, we must apply the law of issue preclusion from the adjudicating state: Pennsylvania. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999). Under Pennsylvania law, issue preclusion applies where: "(1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." *Adelphia Gateway, LLC v. Pa. Env't Hearing Bd.*, 62 F.4th 819, 826 (3d Cir. 2023) (quoting *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)). On appeal, Scott does not dispute that elements two through four are satisfied. Instead, he argues only that the issue decided in his state action was not identical to the one presented in his federal action.

Scott's argument fails. In his federal action, Scott pleads one breach-of-contract claim, alleging that, under the Policy, KBIC "had a duty to pay the $900,000.00 settlement amount incurred by [David] and owed to Scott." App. 17, ¶ 23. In other words, Scott alleges that KBIC had a duty to indemnify David under the Policy for its liability. *See Indemnify*, *Black's Law Dictionary* (11th ed. 2019) ("To reimburse (another) for a loss suffered because of a third party's or one's own act or default[.]"). But in his state action, the Court of Common Pleas already determined that KBIC has no duty under the Policy to indemnify David for liability arising from Scott's suit. App. 82, 84 (granting

4

KBIC's requested declaration that "[t]here is no coverage for . . . indemnity for the allegations brought against [David] in the underlying Scott lawsuit"). So Scott is precluded from relitigating that issue.[3]

Scott raises two unavailing counterarguments. First, he contends that the Court of Common Pleas declared only that KBIC did not have a duty to indemnify David as of the date of the court's judgment—not "that there could never be indemnity coverage in the future." Opening Br. at 8 (emphasis omitted). But the Court of Common Pleas unambiguously determined that "there is no coverage for . . . indemnity" under the Policy. App. 82, 84. That is an unqualified resolution of the issue, applicable both now and at the time the court issued its order.

Second, Scott argues that Court of Common Pleas' declaration "was defectively worded" and "meaningless" because it precluded indemnification only "for the allegations"—not for liability related to those allegations. Opening Br. at 8–9. But we must construe a court's order reasonably and "give effect to the intention of the court[.]" *Richman Bros. Recs., Inc. v. U.S. Sprint Commc'ns. Co.*, 953 F.2d 1431, 1439 (3d Cir. 1991) (internal quotation marks and quoted source omitted). The Court of Common Pleas' determination that KBIC owed no coverage "for the allegations," reasonably interpreted, means that it owed no coverage for liability on those allegations.

---

[3] Scott's breach-of-contract claim also includes an allegation that KBIC acted in bad faith in refusing to indemnify David, but he does not include a separate bad-faith count. Because KBIC was not obligated to indemnify David under the Policy, KBIC's refusal was not in bad faith. *See Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

*      *      *

Scott is precluded from relitigating whether KBIC must indemnify David for liability arising from Scott's suit. We will therefore affirm the District Court's order granting KBIC's motion to dismiss.