**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3256
_____

JEHAN ZEB MIR, MD,
                                        Appellant
v.

ANDREW J. BEHNKE, MD; BRUCE A. BROD, MD; RACHEL LEVINE; MARILYN
J. HEINE, MD; KEITH E. LOISELLE; DEVAL RESHMA M. PARANJPE; SUKH D.
SHARMA, MD; CHARLES A. CASTLE, MD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-15-cv-02233)
District Judge: Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jehan Mir appeals from the District Court's order granting Defendants' motion to dismiss his complaint filed under 42 U.S.C. § 1983. We will affirm.

I.

In 2012, the Medical Board of California and the New York State Board of Medicine revoked Mir's medical licenses, and soon after, the Pennsylvania Board of Medicine (the Board) initiated reciprocal disciplinary proceedings in the Commonwealth.[1] The Board's hearing examiner initially scheduled a hearing for July 20, 2012, but Mir requested – and the hearing examiner awarded him – eight continuances, for a variety of reasons. The hearing examiner rejected his later continuance requests, however, and held a hearing in his absence on May 12, 2014, at which the prosecuting attorney for the Commonwealth presented certified copies of the California and New York decisions revoking his licenses. The hearing examiner admitted these exhibits into evidence and issued an order revoking Mir's medical license in the Commonwealth. Mir unsuccessfully challenged this decision with the Board, and then filed an appeal to the Commonwealth Court of Pennsylvania on November 12, 2015.

Eight days later, he initiated this action against various board members, alleging that the hearing examiner violated his due process rights by denying his continuance requests. He asked the District Court to enter a temporary restraining order and

---

[1] Pennsylvania's Medical Practice Act permits the Board to initiate such proceedings when another licensing authority revokes a practitioner's license. See 63 Pa. Cons. Stat. § 422.41(4).

preliminary injunction, to permanently enjoin Defendants from imposing any disciplinary action against him, and to retroactively reinstate his medical license. He also sought money damages and attorney's fees. The District Court denied these request three days later, observing that it did "not have jurisdiction to entertain an appeal of the revocation of Plaintiff's Pennsylvania medical license." The Clerk later entered default judgments against all Defendants upon Mir's request, because they failed to respond to Mir's complaint following the District Court's initial order. Ultimately, the District Court set aside the default judgments, and granted the Defendants' motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), concluding that abstention was appropriate under Younger v. Harris, 401 U.S. 37 (1971), because Mir was "simply attempting to attack the revocation of his Pennsylvania medical license in another way while the State appellate process is still ongoing." Following the District Court's denial of Mir's motion for reconsideration, this timely appeal ensued.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contains

---

[2] About three months after Mir initiated this appeal, the Commonwealth Court issued a memorandum opinion affirming the Board's order, finding that "[t]he Board's decision to impose reciprocal discipline in this matter is supported by the record and comports with the [Medical Practice] Act. Mir has not identified any abuse of discretion that would warrant reversal." Mir v. Bureau of Prof'l & Occupational Affairs, No. 2557 C.D. 2015, 2016 WL 6407477, at *10 (Pa. Commw. Ct. Oct. 31, 2016). Mir filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which remains pending.

3

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We review, for abuse of discretion, the Court's decision to set aside a default judgment, Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951), and to deny reconsideration. Long v. Atl. City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012). And we "may affirm a result reached by the district court on different reasons, as long as the record supports the judgment." Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

We conclude, as an initial matter, that the District Court did not abuse its discretion in setting aside the default judgments under Federal Rule of Civil Procedure 60(b)(1), because it properly weighed the relevant factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). The "threshold question" is the existence of a meritorious defense, Resolution Trust Corp. v. Forest Grove, Inc., 33 F.3d 284, 288 (3d Cir. 1994), and Defendants have one here, as discussed below – Rule 12(b)(6). As to whether the default resulted from their culpable conduct, the District Court appropriately found that the Attorney General did not learn of this matter until January 11, 2016, did not accept the case until three days later (the same day the Clerk entered the default judgments), and entered an appearance the following day, along with motions to set aside the default judgments. Finally, it properly found that Mir would suffer no prejudice because the opening of the judgments did not hinder his ability to pursue his claims, see

4

Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982), which are, in any event, meritless.

As to the District Court's application of Younger, we have suggested that "frivolous or weak claims" that do "not meet the traditional requisites for injunctive relief . . . will not even require a district court to reach a Younger challenge." Olde Disc. Corp. v. Tupman, 1 F.3d 202, 214 (3d Cir. 1993). Thus the District Court need not have reached the Younger question – and we do not reach it here – because Mir's complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 679.

The gravamen of Mir's complaint is that the hearing examiner violated his due process rights by denying his most recent continuance requests, and holding the revocation hearing in his absence.[3] But "the core of procedural due process jurisprudence is the right to advance notice . . . and to a meaningful opportunity to be heard." Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998). And "[t]he matter of continuance is traditionally . . . discretion[ary] . . . and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 589 (1964) (concluding that denials of continuance requests in a criminal trial did not violate due process). Mir's complaint clearly establishes that the hearing examiner afforded him sufficient notice and an opportunity to be heard; he simply declined to avail himself of it.

---

[3] As Mir alleged in his complaint, "[t]he issue presented for TRO and Preliminary Injunction is simple and straight forward[:] whether 'good cause' existed for continuance of the [May 12, 2014,] hearing."

5

Mir acknowledged that the hearing examiner, on February 11, 2014, issued an "Order Granting Respondent's Eighth Request for Continuance," scheduling the hearing for May 12, 2014. The order also stated, in all-capital boldface type, that "no further continuances will be granted to respondent in this matter." He acknowledged receiving this order soon after, but he nonetheless requested another continuance on April 24, on the ground that he was required to be present in federal court in California on May 16. The hearing examiner denied this request On May 1 – again advising him that "no further continuances will be granted to respondent in this matter" – and Mir conceded receiving this denial on May 7. In the meantime, he requested another continuance on May 2, on the ground that he was scheduled for jury duty in California on May 5, and another on May 9, to present expert testimony at his hearing. The hearing examiner did not formally act on his May 2 or May 9 requests, but it is undisputed that, by May 7 – five days before his hearing – Mir was aware that his April 24 continuance request had been denied, and that the hearing examiner would not entertain further continuance requests, in other words, that his hearing would proceed on May 12. It is also undisputed that he had already been awarded eight continuances at this point. He cannot credibly claim to have been denied due process under these circumstances. See Ungar, 376 U.S. at 589.

Mir also alleged that the Pennsylvania revocation violated the Double Jeopardy Clause, and that the Board was collaterally estopped from revoking his license because it

6

previously instituted, but withdrew, disciplinary proceedings based on the same conduct.[4]

But "occupational debarment" does not create Double Jeopardy problems, <u>Hudson v. United States</u>, 522 U.S. 93, 95 (1997), and a proceeding that resulted in no judgment can have no collateral estoppel effect. <u>See</u> <u>Rue v. K-Mart Corp</u>., 713 A.2d 82, 84 (Pa. 1998).

Because Mir was clearly not entitled to relief, the District Court properly granted Defendants' Rule 12(b)(6) motion, and did not abuse its discretion in denying his motion for reconsideration.[5] Accordingly, we will affirm the judgment of the District Court.

---

[4] The Board previously instituted reciprocal disciplinary proceedings after the Medical Board of California (MBC) revoked Mir's license in 2007. The California Court of Appeal later set aside this revocation, and the Board withdrew disciplinary proceedings in 2008. The MBC placed Mir on probation, and finally revoked his license in 2012 after he violated that probation, leading to the 2014 Pennsylvania revocation.

[5] In his motion for reconsideration, Mir argued, among other things, that the District Court improperly abstained because he sought money damages, which he could not seek in the state proceedings. We need not address this argument – and similar arguments he asserts on appeal related to the propriety of the District Court's abstention under <u>Younger</u> – because he has not stated a plausible claim to relief. <u>See</u> <u>Tupman</u>, 1 F.3d at 214.