**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3273
_____

JEHAN ZEB MIR,
                                        Appellant

v.

BRUCE A. BROD, M.D., in personal & official capacity; MARILYN J. HEINE, M.D.,
in personal & official capacity; CHARLES A. CASTLE, M.D., in personal & official
capacity; CARY CUMMINGS, III, M.D., in personal & official capacity; RACHEL
LEVINE, M.D., in personal & official capacity; KEITH E. LOISELLE, in personal &
official capacity; JOHN M. MITCHELL, in personal & official capacity; ANNA M.
MORAN, M.D., in personal & official capacity; SUKH D. SHARMA, M.D., in personal
& official capacity; EVON SUTTON, in personal & official capacity; KIMBERLY
KIRCHMEYER, in personal & official capacity as Executive Director, Medical Board of
California; LINDA K. WHITNEY, in personal capacity as past Executive Director,
Medical Board of California; SHARON LEVINE, M.D., in personal & official capacity
as past President, Medical Board of California; DEV GHANA DEV, M.D., in personal &
official capacity as member, Medical Board of California; DENISE PINES, in personal &
official capacity as Secretary and member, Medical Board of California; MICHELLE A.
BHOLAT, M.D., in personal & official capacity as member, Medical Board of
California; RANDY W. HAWKINS, M.D., in personal & official capacity as member,
Medical Board of California; KATHERINE FEINSTEIN, M.D., in personal & official
capacity; KRISTINE D. LAWSON, in personal & official capacity; BRENDA SUTTON-
WILLS, in personal & official capacity; DAVID WARMOTH, in personal & official
capacity; JAMIE WRIGHT, in personal & official capacity as member, Medical Board of
California; FELIX C. YIP, M.D., in personal & official capacity as member, Medical
Board of California; HOWARD ZUCKER, M.D., current Commissioner, Department of
Health, New York State, in individual & official capacity; KEITH SERVIS, Director,
Office of Professional Medical Conduct, New York State; GEORGE AUTZ, in personal
& official capacity; ROSEANNE C. BERGER, in personal & official capacity;
LAWRENCE J. EPSTEIN, in personal & official capacity; MARIAN GOLDSTEIN,
public member, in personal & official capacity; KRISTIN E. HARKIN, in personal &
official capacity; SUMATHI KASINATHAN, in personal & official capacity; ROBERT
G. LERNER, in personal & official capacity; KATHLEEN S. LILL, P.A., in personal &
official capacity; JOANN MARINO, public member, in personal & official capacity;

LYNN GLADYS MARK, D.O., in personal & official capacity; LOUIS J. PAPA, in personal & official capacity; MARIA PLUMMER, in personal & official capacity; SWAMINATHAN RAJAN, in personal & official capacity; SUMIR SAHGAL, in personal & official capacity; ARASH SALEMI, in personal & official capacity; ALEXANDER SCHWARTZMAN, in personal & official capacity; MUSHTAQ A. SHEIKH, in personal & official capacity; AMIT M. SHELAT, in personal & official capacity; GREG SHUTTS, P.A., in personal & official capacity; ROBERT R. WALTHER, in personal & official capacity; MARY MATTYS ZEWSKI, an individual; JERRY D. WU, M.D., an individual; JOSHUA A. BARDIN, in personal capacity; KENNETH B. DECK, M.D., in personal capacity; POMONA VALLEY HOSPITAL, a California Corp.; VINOD KUMAR GARG, M.D., in personal capacity; LEW BRADLEY DISNEY, M.D., in personal capacity; HAROLD DAMUTH, JR., M.D., an individual; SAN ANTONIO COMMUNITY HOPSITAL, a California Corp.; DONALD M. ALPINER, D.O., an individual; NABIL KOUDSI, M.D., an individual

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-04956)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 18, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 30, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Jehan Zeb Mir, M.D., appeals from the decision of the United States District Court for the Eastern District of Pennsylvania ("the District Court") dismissing his complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the reasons that follow, we will affirm that judgment.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. The state medical board in California revoked Mir's medical license in 2012, and the state medical boards in New York and Pennsylvania followed suit in 2013 and 2015, respectively. Mir filed lawsuits in several jurisdictions, raising claims related to the revocations, but none of those lawsuits was successful. Undeterred, Mir commenced the present action in 2017, filing a complaint in the District Court against over 50 defendants, including physicians, New York State Department of Health officials, two California hospitals, and medical board members in Pennsylvania, New York, and California. Mir raised several claims and sought, inter alia, the restoration of his medical licenses and damages.

The defendants moved to dismiss Mir's complaint on numerous grounds. Mir opposed dismissal. Thereafter, in September 2018, the District Court placed the case in suspense pending its ruling on those motions. On November 2, 2022, the District Court removed the case from suspense, granted each motion to dismiss on multiple grounds, and dismissed Mir's complaint with prejudice. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of

the District Court's decision is plenary, see Ellison v. Am. Bd. of Orthopaedic Surgery,

11 F.4th 200, 204 n.2 (3d Cir. 2021), and we may affirm on any basis supported by the

record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

For substantially the reasons set forth in the District Court's opinion

accompanying its November 2, 2022 order, the District Court correctly concluded that it

lacked personal jurisdiction over the various defendants from California and New York.

(See Dist. Ct. Op. entered Nov. 2, 2022, at 48-53.)  Accordingly, the District Court did

not err in dismissing the claims against these defendants.[1]

Turning to the claims against the defendants from Pennsylvania — each of these

defendants was, at one time, a member of Pennsylvania's state medical board — we

agree with the District Court that Mir's claims for conspiracy under 42 U.S.C. § 1986 and

defamation were time-barred.  (See id. at 33.)[2]  As for Mir's remaining claims against the

Pennsylvania defendants, each of these claims fails to state a viable cause of action.  The

only allegations made against the Pennsylvania defendants involve the revocation of

Mir's license and the refusal to reinstate it. Without more, these actions are insufficient to

---

[1] We do not reach the District Court's alternative bases for dismissing some or all the claims against the defendants from California and New York.  We read the District Court's dismissal of all these claims for lack of personal jurisdiction as being "with prejudice" to Mir's ability to refile them in a court sitting in Pennsylvania.  See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132-33 (3d Cir. 2020).

[2] Both of these claims are subject to a one-year statute of limitations.  See 42 U.S.C. § 1986; In re Phila. Newspapers, LLC, 690 F.3d 161, 174 (3d Cir. 2012) (discussing defamation claim).

state elements required by each claim. Mir's allegations of some sweeping conspiracy in violation of 42 U.S.C. §§ 1981 and 1985 were merely conclusory, as were his allegations that the Pennsylvania defendants discriminated against him based on his ethnicity, race, religion, and national origin. See Child.'s Health Def., Inc. v. Rutgers, the State Univ. of N.J., 93 F.4th 66, 85 (3d Cir. 2024) ("[C]onclusory assertions are insufficient at the pleading stage.").[3] And Mir did not allege a plausible claim for interference with prospective economic advantage or intentional infliction of emotional distress. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (indicating that, to survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct" (citation to quoted case omitted)); see also Blackwell v. Eskin, 916 A.2d 1123, 1127-28 (Pa. Super. Ct. 2007) (setting forth elements for a claim of interference with prospective economic advantage); Jordan v. Pa. State Univ., 276 A.3d 751, 775 (Pa. Super. Ct. 2022) (setting forth elements for a claim of intentional infliction of emotional distress).[4] Accordingly, the District Court did not err in dismissing the Pennsylvania defendants with prejudice.[5]

---

[3] To the extent that Mir claims at Count 3 that his constitutional rights were violated during his license-revocation proceedings in Pennsylvania, we previously rejected such a claim in one of his prior cases, see Mir v. Behnke, 680 F. App'x 126, 129-31 (3d Cir. 2017) (per curiam), and we agree with the District Court that this claim is now barred pursuant to the doctrine of claim preclusion, see Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016).

[4] Although Mir's complaint included two other counts against the Pennsylvania defendants, these counts did not assert freestanding legal claims. Rather, they merely sought injunctive relief in view of allegations that undergirded his other claims.

[5] We agree with the District Court that amendment of these claims would be futile.

To the extent that Mir challenges the District Court's decision to place this case in suspense pending its resolution of the defendants' motions to dismiss, we find this challenge unpersuasive. A district court has "discretion in managing its own caseload and suspense docket," Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006), and Mir has failed to establish that the District Court's placing this case in suspense reflected any bias against him or otherwise prejudiced him.

In view of the above, we will affirm the District Court's judgment.[6]

---

[6] We grant Mir's motions for permission to file his overlength brief and supplement that brief. The motion to supplement the appendix filed by some of the California defendants, which Mir opposes, is denied as unnecessary, as the material in the proposed supplemental appendix concerns issues that we did not need to reach here. The requests for oral argument made by Mir and the New York defendants are denied, as is Mir's request to impose sanctions against counsel for the Pennsylvania defendants. To the extent that any party seeks any other relief from this Court, that relief is denied.